JOHN C. MITCHELL ET AL. v. COLUMBUS DRAKE.

1. AGRICULTURAL LIEN LAW. *No personal judgment.*
   In a proceeding by writ of seizure under the agricultural lien law,
   (Acts 1876, p. 109) no personal judgment can be rendered for the
   debt. *Hartsell* v. *Myers, ante,* 135, cited.

2. SAME. *Claimant's bond. Duty of officer.*
   The officer who seizes products under such proceeding before a justice
   of the peace must hold them subject to the result of the suit, and
   cannot surrender them to a claimant on a forthcoming bond.

3. ·SAME. *Bond unauthorized by statute. Common-law action thereon.*
   If such bond is taken, no summary judgment can be rendered thereon
   in the lien suit, but it may be sued on as a common-law obligation.

4. SAME. *Judgment. Officer's liability.*
   The proper judgment for the plaintiff, in the lien suit, under such cir-
   cumstances, is condemnation and sale of the products, leaving him
   at liberty to proceed against the officer for failure of duty or to sue
   on the bond.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*Pittman, Pittman & Smith*, for the plaintiffs in error.

No judgment could be rendered on the claimant's bond in this case, because the statute (Acts 1876, p. 111), by virtue of which the proceeding is instituted, authorizes no bond except in cases within the jurisdiction of the Circuit Court. The statute contemplates the speedy termination of such controversies in the justice's court, and it provides that the practice in such cases in the Circuit Court shall conform to that in the magistrate's court " except that judgment may be rendered in the cause upon the bond." As the justice had no authority to render judgment on this bond, the Circuit Court had none on appeal. *Askew* v. *Askew*, 49 Miss. 301.

No counsel for the defendant in error.

CHALMERS, J., delivered the opinion of the court.

Columbus Drake sued out before a justice of the peace a writ of seizure under the agricultural lien law of 1876, against Doc Drake, which was levied by the officer upon fourteen hundred pounds of lint cotton. John C. Mitchell propounded a claim for the cotton, and was allowed by the officer to take possession of it upon the execution of a forthcoming bond as in cases of attachment. Upon the trial before the justice, a personal judgment was rendered against the defendant and a judgment in favor of the claimant as to the ownership of the cotton. From this judgment in favor of the claimant, the plaintiff appealed to the Circuit Court, and the claimant making default in that court judgment was rendered against him and the surety on his bond for the value of the cotton as ascertained and fixed under a writ of inquiry.

From this judgment, the claimant and his surety sued out a writ of error.

The case must be reversed. The court had no jurisdiction to give a personal judgment against the defendant. Its sole duty was to dispose of the cotton. *Hartsell* v. *Myers, ante,* 135. But this judgment was not appealed from. Neither did the officer have any authority to take the claimant's bond and surrender the cotton. It is expressly made his duty by law, where property is seized under proceedings before a justice of the peace, to "hold such property so seized subject to the result of the suit." Acts 1876, p. 111. The bond not being authorized by statute cannot be made the basis of a summary judgment in this proceeding, but must be sued on by the officer or by the plaintiff in a common-law action. The judgment should have been for a condemnation and sale of the cotton, treating it as still in the hands of the officer, and leaving the plaintiff at liberty to proceed by motion against the officer for a failure of duty or by suit at law upon the bond. This judgment may be entered here.

*Judgment accordingly.*